IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

1) KIMBERLY A. WARD, )
    Plaintiff, )
)
)
vs. )  Case No. **CJ-2014-0318**
)
1) SECURITAS SECURITY SERVICES )
   USA, INC. )  Attorney Lien Claimed
)
)
    Defendant. )

DISTRICT COURT
F I L E
AUG 28 2014
SALLY HOWE SMITH, COURT
STATE OF OKLA. TULSA CO

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Securitas Security Services USA, Inc.
c/o National Registered Agents, Inc.
1833 South Morgan Road
Oklahoma City, OK 73128

To the above-named Defendant(s)

    You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

    Issued this __20__ day of __8__, 2014

County Court Clerk
By _____
Deputy Court Clerk

(Seal)

This summons and order was served on _____

_____
(Signature of person serving summons)

    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

    Return ORIGINAL for filing.
    PERSONAL SERVICE



EXHIBIT 1

I certify that I received the foregoing Summons the _____ day of _____, 2014, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2014, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2014. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this ____ day of _____ 2014.

I, _____
Summons a
affidavit so

Subscribed
My Commi

Securitas Security Services USA, Inc.
c/o National Registered Agents, Inc.
1833 South Morgan Road
Oklahoma City, OK  73128

I certify th
following n
requested,

Defendant Receipted: SSS USA, Inc.
C/o Nat. Reg Agents, Inc.
1833 S Morgan Rd
OKC, OK 73128

Address Where Served

Date 8-25-1[4]

Signature of person mailing summons

---

[Certified mail receipt card overlay:]

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature: X Korri Behler  ☐ Agent  ☐ Addressee
B. Received by THE CORPORATION COMPANY 1833 S. Morgan Rd AUG 2 5 2014 Oklahoma
D. Is delivery address different from item 1? ☐ Yes  ☐ No

1. Article Addressed to:

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7012 2920 0002 3932 7179

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



**IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA**



| | |
|---|---|
| 1) KIMBERLY A. WARD, <br>     Plaintiff, | ) <br> ) <br> ) |
| vs. | )    Case No. <br> ) |
| 1) SECURITAS SECURITY SERVICES <br>     USA, INC. | )    **CJ-2014-03189** <br> )    Attorney Lien Claimed <br> ) |
|     Defendant. | ) |

DISTRICT COURT
F I L E D
AUG 20 2014
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY
Rebecca Brett Nightingale

## PETITION

COMES NOW the Plaintiff, Kimberly A. Ward, through her attorneys of record, Daniel E. Smolen, Donald E. Smolen, Lauren G. Lambright of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against the Defendant, Securitas Security Services USA, Inc. for violations of her constitutionally protected rights arising out of her employment and constructive discharge by said Defendant.

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000e et seq. ("Title VII"), providing for relief from a hostile work environment on the basis of gender and retaliation for engaging in protected activity.

2. Plaintiff, a resident of Adair, Oklahoma, filed a charge of discrimination against the defendant with the Equal Employment Opportunity Commission ("EEOC") complaining of sexual harassment and discrimination based upon gender and retaliation. A Notice of Right to Sue was received by Plaintiff on or about May 23, 2014, and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to

Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

3. This action lies properly in the District Court of Tulsa County, as Defendant conduct regular business in Tulsa County, State of Oklahoma.

4. Defendant Securitas Security Services USA, Inc. is a foreign for profit business corporation regularly conducting business in Oklahoma and has substantial ties to Tulsa County, State of Oklahoma. Defendant regularly employs more than fifteen (15) people.

5. Actual damages are sought pursuant to 42 U.S.C. § 2000e-5(g) and 25 O.S. §§ 1101, 1301 et seq.

6. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g) and 42 U.S.C. § 1981 et seq and 25 O.S. §§ 1101, 1301 et seq.

7. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g) and 25 O.S. §§ 1101, 1301 et seq.

8. Punitive damages are sought pursuant to 42 U.S.C. § 1981 and 25 O.S. §§ 1101, 1301 et seq.

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff, Kimberly A. Ward, incorporates as if realleged Paragraphs 1-8.

10. The plaintiff is a female.

11. The plaintiff became an employee of Defendant on or about June 17, 2012 as a security officer. On July 26, 2012 the Plaintiff was assigned to work full-time at the GRDA with Chris Craine and Jack Mitchell.

12. Despite Jack Mitchell being Plaintiff's coworker, he ordered her around and was difficult to work with. Ms. Ward complained to David Woods about Mr. Mitchell's

2

treatment of her and Woods told her that giving Mr. Mitchell a blow job under the desk would solve her problem.

13. Soon after the comment from Woods, Plaintiff's coworker Chris Craine began making sexually offensive comments to the Plaintiff. These comments included but are not limited to things like, "older women make good lovers", "he bet [Plaintiff] could teach him a few things about sex." The Plaintiff rejected his advances but the sexually offensive comments continued. Additionally, Davis and Chris would have sexually explicit conversations in Plaintiff's presence. These conversations persisted even after the Plaintiff voiced her concerns that she found them offensive. Mr. Craine also repeatedly called the Plaintiff and sent her text messages.

14. Chris Craine spread a rumor to the other employees that the Plaintiff asked him out on a date, which was untrue. On another occasion Mr. Mitchell called the plaintiff a "back stabbing bitch" for calling to complain about him.

15. On October 22, 2012 the Plaintiff made a formal complaint to Human Resources about the hostile work environment. After making the complaint, treatment of the Plaintiff worsened. None of the employees would speak to her or give her information she needed to complete her job duties. When the plaintiff would check the status of her complaint to HR she was just told they were still investigating it.

16. After the Plaintiff complained the sexual harassment continued. Mr. Mitchell proceeded to unzip his pant in front of the Plaintiff and sat in front of her with his pants undone. The Plaintiff complained again about Mr. Mitchell's actions.

17.     On March 4, 2013 the Plaintiff requested a transfer in order to get away from Mr. Mitchell and Mr. Craine. Her request was denied and she was forced to keep working with Mitchell and Craine.

18.     The working environment was so severe and awful for the Plaintiff that she was forced to resign and as such was constructively discharged from her employment with Defendant on March 7, 2013. At this time, over five months since the Plaintiff complained of sexual harassment, no actions were taken against her coworkers and she was told the matter was still being reviewed.

19.     Plaintiff's work environment was permeated with sexual jokes, comments and rumors. Plaintiff dealt with these sexual comments, jokes and stories on a daily basis during her employment with Defendant.

20.     Plaintiff was retaliated against for her complaints and was forced to remain working around those who were harassing her until she was constructively discharged from her employment.

## FIRST CLAIM FOR RELIEF:

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII AND THE OADA

21.     Plaintiff, Kimberly A. Ward, incorporates as if realleged Paragraphs 1-20.

22.     By continually subjecting the Plaintiff to a hostile work environment based on her gender and failing to properly ensure a non-hostile work environment, and taking an adverse employment action against the Plaintiff, Defendant has violated Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act, 25 O.S. §§ 1101, 1301 et seq.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF TITLE VII

23. Plaintiff, Kimberly A. Ward, incorporates as if realleged Paragraphs 1-22.

24. By treating the Plaintiff poorly, failing to assist her with her job duties so that she could effectively complete her job tasks, denying her transfer and shift change requests and ultimately causing the Plaintiff to constructively discharge, Defendant retaliated against the Plaintiff for her participation in protected activity as defined under Title VII, and as such the Defendant has violated 42 U.S.C. §2000e-3(a) and the Oklahoma Anti-Discrimination Act, 25 O.S. §§ 1101, 1301 et seq.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII (AS TO ALL DEFENDANTS)

25. Plaintiff, Kimberly A Ward, incorporates as if realleged Paragraphs 1-33.

5

26. By treating the Plaintiff differently than her male coworkers, disciplining the Plaintiff more severely than her male coworkers, denying her transfer and shift change request and constructively discharging her from her employment, the Defendant has violated Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act, 25 O.S. §§ 1101, 1301 et seq.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff, Kimberly A. Ward, incorporates as if realleged Paragraphs 1-36.

38. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought in excess of 75,000.00 including, but not limited to, appropriate loss

earnings and insurance premiums, with pre-judgment interest, and compensation for past and future pecuniary losses, including out-of-pocket losses suffered by Plaintiff because of the unlawful discrimination, in an amount to be determined at trial. Plaintiff also requests this Court order Defendant to pay compensatory and punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial. Finally, Plaintiff requests this Court grant reasonable attorney's fees and equitable relief and such further relief as the Court deems necessary and proper.

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
Donald E. Smolen, II, OBA# 19944
Lauren G. Lambright, OBA# 22300
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
E-mail: danielsmolen@ssrok.com
*Attorneys for Plaintiff*